## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Laverne and Donald B., individually and    :
on behalf of D.B.    :
   :
    and    :
   :
Julia T., individually and    :
on behalf of J.T.    :
   :
    and    :
   :      CIVIL ACTION NO.
Law Offices of David J. Berney, P.C.,    :
   :
                       Plaintiffs,    :
   :
    v.    :
   :
   :
School District of Philadelphia,    :
   :
                 Defendant.    :

## **COMPLAINT**

### **PRELIMINARY STATEMENT**

1.      This action is brought under the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq* ("IDEA") as a result of the School District of Philadelphia's breach of IDEA resolution agreements pursuant to 20 U.S.C. § 1415(f)(1)(B) and 34 C.F.R. § 310.510.

2.      Plaintiffs seek to recover attorney's fees and related costs under the IDEA, Section 504, and the ADA for the instant action and the underlying administrative proceedings.

### **JURISDICTION**

3.      Jurisdiction is based upon 28 U.S.C. § 1331 and 20 U.S.C. § 1415(f)(1)(B).

4.      Venue in this district is proper under 28 U.S.C. § 1391(b).

### **PARTIES**

5.      Plaintiffs Laverne and Donald B. are the parents of D.B.

6.      Plaintiff Law Offices of David J. Berney, P.C. (hereinafter "Law Firm") is a civil rights law firm with a special education practice.

7.      Plaintiffs Laverne and Donald B. and Law Firm are collectively referred to herein as "Plaintiffs."

8.      Defendant School District of Philadelphia (hereinafter "District" or "Defendant") is a governmental unit that administers the public schools within Philadelphia County.

9.      Defendant has a mailing and office address at the Office of General Counsel, 440 North Broad Street, Suite 313, Philadelphia, PA 19130-4015.

## STATUTORY AND REGULATORY BACKGROUND

10.     The IDEA was enacted to "ensur[e] children with disabilities and the families of such children access to a free appropriate public education and [to] improve[e] educational results for children with disabilities."  20 U.S.C. § 1400(c)(3).

11.     The IDEA and its implementing regulations, 34 C.F.R. pt. 300, require states and local school districts that receive funds under the IDEA to provide school age residents who have disabilities with a "free appropriate public education" ("FAPE").

12.     The IDEA also confers upon school districts an affirmative duty to identify and appropriately evaluate children with disabilities.  20 U.S.C. § 1412(a)(3)(A).

13.     The IDEA further confers upon school districts the requirement to develop, review, and revise an Individualized Education Program ("IEP") for each child with a disability. 20 U.S.C. § 1412(a)(4).

14.     If a school district failed to provide FAPE to one of its students, the IDEA and its implementing regulations provide parents and their child with certain procedural safeguards, including the right to file a due process complaint to remediate the denial of FAPE.  20 U.S.C. § 1415(b)(7).

15.    If a school district failed to provide an appropriate educational evaluation for one of its students, the IDEA also confers upon parents the right to a publicly funded independent educational evaluation ("IEE") for their child.  20 U.S.C. § 1415(b)(1).

16.    If a school district denied FAPE to a student, parents, on behalf of the student, may be entitled to compensatory education for each day that amounts to a denial of FAPE.  *See, e.g., Carlisle Area Sch. v. Scott P.,* 62 F.3d 520, 527 (3d Cir. 1995).

17.    A prevailing parent is also entitled to statutory attorney's fees and related costs under the IDEA.  20 U.S.C. § 1415(i)(3)(B).

## STATEMENT OF FACTS

### Laverne and Donald B., individually and on behalf of D.B.

18.    D.B. is seventeen years old.

19.    At all relevant times, D.B. was a resident of the School District.

20.    D.B. has an autism spectrum disorder and exhibits impaired social interactions, difficulty initiating appropriate peer relationships, and stereotypical behaviors for someone who is on the autism spectrum such as spinning, hand-clapping and other behaviors to control sensory input.

21.    D.B. also has been diagnosed with specific learning disabilities.

22.    Even though D.B. has average range intelligence, she is performing well below average academically due to the District's failure to provide her FAPE as required by the IDEA.

23.    Specifically, Defendant failed to adequately evaluate D.B. and failed to provide D.B. with an IEP that afforded FAPE.

24.    As a result, Plaintiffs Laverne and Donald B. retained Plaintiff Law Firm to investigate possible claims on D.B.'s behalf and to initiate litigation, if necessary, to remediate any potential failure by Defendant to provide D.B. FAPE.

25.     The representation agreement between Plaintiffs Laverne and Donald B. and Plaintiff Law Firm contains an assignment-of-rights provision whereby Plaintiffs Laverne and Donald B. assigned any right that they may independently have to attorney's fees and expenses that may be owed to them by virtue of any settlement that they may enter into with Defendant arising out of litigation filed on their behalf by Plaintiff Law Firm. A copy of the excerpted representation agreement, containing the relevant language, is attached as Exhibit A.

26.     On or about December 15, 2016, Plaintiff Law Firm filed an administrative due process complaint on behalf of Plaintiffs Laverne and Donald B. alleging that, *inter alia*, Defendant failed to adequately evaluate D.B. and failed to provide D.B. with an IEP that afforded FAPE. To remediate the violations, Plaintiffs Laverne and Donald B. sought, *inter alia*, payment for an IEE and compensatory education.

27.     Prior to the date of the due process hearing, the parties settled the case pursuant to a resolution session held under 20 U.S.C. § 1415(f)(1)(B). *See* IDEA Resolution Agreement, ¶ 9(g).

28.     A true and correct copy of the IDEA Resolution Agreement is attached as Exhibit B.

29.     The Resolution Agreement contains a provision that requires Defendant to pay Plaintiff Law Firm reasonable attorney's fees and costs for time expended within sixty (60) days of receiving a detailed invoice. *See id.* at ¶ 5.

30.     On March 1, 2017, the Resolution Agreement was fully executed.

31.     On May 22, 2017, Plaintiff Law Firm forwarded, via email, Law Firm's timesheets to Defendant's attorney Shereen White and Defendant's legal secretary Beverly Pintarelli.  A true and correct copy of Law Firm's timesheets and bill are attached as Exhibit C. In this correspondence, Plaintiff Law Firm reminded Defendant of its obligations under the Resolution Agreement regarding the payment of attorney's fees within sixty (60) days. Specifically, Plaintiffs Laverne and Donald B.'s counsel wrote:

> Dear Beverly:
> …
> The IDEA resolution agreement requires the School District to pay reasonable attorney's fees and costs within 60 days of receipt of the itemized attorney time sheets. Accordingly, payment of attorney's fees and costs is due by July 21, 2017. As you should be aware, the School District has routinely violated settlement agreements with my clients by failing to pay attorney's fees within the required time period as stipulated in our agreements. In many cases, it has taken the School District over a year and sometimes years to make good on its commitment to pay fees. Accordingly, if we do not receive payment of our client's reasonable attorney's fees within sixty days of this email, we will consider all options, including filing a federal lawsuit. While I would prefer to avoid needlessly increasing our fees and costs through a federal lawsuit, the School District's chronic failure to honor our agreements requires us to take this position.
> …
>
> Best,
>
> Dave
> …

32.     By July 21, 2017, the sixty (60) day deadline for payment of attorney's fees and costs passed.

33.     To date, Defendant has not paid Plaintiffs Laverne and Donald B. or Law Firm any amount in attorney's fees and costs.

34.     Plaintiff Law Firm generated and submitted a billing statement for legal services provided by (a) David J. Berney, Esquire, (b) Morgen Black-Smith, Esquire, (c) Jennifer Y. Sang, Esquire, and (c) Paralegal Jon Kruzic.

35.     Mr. Berney's current billing rate is $495 per hour.

36.     A billing rate of $495 per hour for Mr. Berney for purposes of the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing rates charged by other attorneys of comparable skill, experience, and reputation in the Philadelphia area.

37.     Ms. Black-Smith's current billing rate is $325 per hour.

38.     A billing rate of $325 per hour for Ms. Black-Smith for purposes of the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing rates charged by other attorneys of comparable skill, experience, and reputation in the Philadelphia area.

39.     Ms. Sang's current billing rate is $325 per hour.

40.     A billing rate of $325 per hour for Ms. Sang for purposes of the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing rates charged by other attorneys of comparable skill, experience, and reputation in the Philadelphia area.

41.     Mr. Kruzic's billing rate is $100 per hour.

42.     A billing rate of $100 per hour for Mr. Kruzic for purposes of the underlying administrative action and this federal action is reasonable and falls within the customary and prevailing rates charged by paralegals generally.

43.     There are additional billing statements for related litigation costs for: (1) expert Felicia Hurewitz, Ph.D., BCBA and (2) educational records from Elwyn.

44.     By failing to pay Plaintiffs Laverne and Donald B. and Law Firm's attorney's fees and costs, and by ignoring and/or refusing Plaintiffs Laverne and Donald B. and Law Firm's requests to have attorney's fees and costs paid, Defendant has violated the terms of the parties' IDEA Resolution Agreement.

**History of Breached Agreements to Pay Fees**

45.     In the last several years, Plaintiff Law Firm has settled scores of special education cases with Defendant. The standard practice between Defendant and Plaintiff Law Firm is for Plaintiff Law Firm to email attorney timesheets and litigation invoices to counsel for Defendant.

46.     A majority of the settlement agreements negotiated between Plaintiff Law Firm and Defendant in the cases settled between them contain language that requires Defendant to pay attorney's fees and costs within sixty (60) days of receiving a detailed invoice.

47.     Despite the language contained in these settlement agreements, in the last several years, Defendant has consistently failed to honor the terms of a number of settlement agreements by refusing to pay attorney's fees and costs within sixty (60) days.

48.     In a number of cases, Defendant has delayed by as much as one (1) year, or longer, in making payments. For a number of settlement agreements, Law Firm was forced to file suits to enforce the provision to pay attorney's fees and costs. *See, e.g., Law Offices of David J. Berney v. Sch. Dist. of Phila.*, No. 12-cv-5033 (E.D. Pa. 2012); *J.J. et al. v. Sch. Dist. of Phila.*, No. 12-cv-2531 (E.D. Pa. 2012); *Shanea S. et al. v. Sch. Dist. of Phila.*, No. 12-cv-1056 (E.D. Pa. 2012); *Gwen L. et al. v. Sch. Dist. of Phila.*, No. 12-cv-0051 (E.D. Pa. 2012); *Sherron D. et al. v. Sch. Dist. of Phila.*, 13-cv-6556 (E.D. Pa. 2013); *J.M. et al. v. Sch. Dist. of Phila.*, 15-cv-1420 (E.D. Pa. 2015) (enforcement of two agreements); *Remi C. v. Sch. Dist. of Phila.*, 17-cv-243 (E.D. Pa. 2017) (enforcement of three agreements); *Joann N. v. Sch. Dist. of Phila.*, 17-cv-2403 (E.D. Pa. 2017) (enforcement of five agreements); *Shirley D. v. Sch. Dist. of Phila.*, No. 17-cv-2124 (E.D. Pa. 2017); *Lisa H. v. Sch. Dist. of Phila.*, No. 17-cv-3805 (E.D. Pa. 2017) (enforcement of four agreements).

49.     Other law firms have similarly been forced to file suit due to the District's failure to pay attorney's fees and costs pursuant to a settlement agreement. *See Public Interest Law Ctr. of Phila. v. Sch. Dist. of Phila.*, No. 12-cv-4528 (E.D. Pa. 2012) (enforcement of three agreements); *Public Interest Law Ctr. of Phila. v. Sch. Dist. of Phila.*, No. 101201522 (Ct. Com. Pl. Phila. 2010) (enforcement of two agreements).

50.     On information and belief, Defendant's pattern and practice of breaching attorney's fee provisions in special education settlement agreements has the purpose and effect of discouraging attorneys from pursuing meritorious IDEA claims against Defendant.

### CAUSE OF ACTION – VIOLATION OF IDEA - 20 U.S.C. § 1415(f)(1)(B)

51.     Plaintiffs incorporate the above and below paragraphs as though fully set forth herein at length.

52.     The IDEA provides that a written settlement agreement reached as a result of a resolution meeting shall be enforceable in federal district court. 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

53.     Further, a prevailing party under the IDEA is entitled to reasonable attorney's fees and related costs. 20 U.S.C. §§ 1415(i)(3)(B) and (C).

54.     In the underlying proceedings, Plaintiffs Laverne and Donald B. incurred attorney's fees and costs totaling $32,871.94. *See* Exhibit C.

55.     Plaintiffs have also incurred attorney's fees and costs in connection with the prosecution of this action.

56.     Plaintiffs Laverne and Donald B. have assigned the right to attorney's fees and costs to Plaintiff Law Firm.

WHEREFORE, Plaintiffs request judgment on this Count against Defendant in a sum to be fixed by the Court, plus interest, costs, attorney's fees, and any other such relief as this Court deems just.

BERNEY & SANG

DAVID J. BERNEY, ESQUIRE
Pa. Bar ID No. 67882
VANITA R. KALRA, ESQUIRE
Of Counsel
Pa. Bar ID No. 315451
8 Penn Center
1628 JFK Boulevard, Ste. 1000
Philadelphia, PA 19103
djberney@berneylaw.com
vrkalra@berneylaw.com
215-564-1030 (office)
215-751-9739 (fax)
Attorneys for Plaintiffs Laverne and Donald B.,
and Law Offices of David J. Berney, P.C.

Dated: September 5, 2018

# Exhibit A



LAW OFFICES OF
# DAVID J. BERNEY

David J. Berney
Jennifer Y. Sang
Morgen Black-Smith
OF COUNSEL
Megan Mahle
Vanita Kalra

*berneylaw.com*

### REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES

Dear Mr. and Mrs. Bullock:

This contract for legal services is entered into by and between **Laverne B. [REDACTED] and Donald B. [REDACTED] (collectively "Client")** and the **Law Offices of David J. Berney, P.C.** ("Law Firm" or "attorney"). Client understands and agrees that the Law Firm may be working in conjunction with attorneys, including, but not limited to, **Megan Mahle, Esquire, Vanita Kalra, Esquire, Jennifer Sang, Esquire, and Morgen Black-Smith, Esquire ("Attorneys")** and that the terms and conditions of this *REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES* ("Agreement"), as set forth below, are applicable to the services performed by them. Client agrees that this Agreement shall be binding upon Client and Client's heirs, executors, administrators and assigns and anyone who shall serve as the Custodian of **D.B. [REDACTED] ("Student")**.

The following terms and conditions constitute the entirety of the agreement between Law Firm and Client and this Agreement supersedes any previous written or oral agreements.

### Scope of Representation

**1. Due Process Hearing** – Client agrees to employ Law Firm and Law Firm agrees to represent Client in a due process hearing against the local educational agency ("LEA") that is allegedly responsible for failing to provide a free and appropriate public education to Student, if through Law Firm's investigation, Law Firm determines that there are sufficient and proper grounds for proceeding.

**[REDACTED]**

### Legal Fees & Expenses

**[REDACTED]**

**4. Billing Rates** – The legal services performed by **David J. Berney, Esquire** will be billed at $495 per hour. The legal services performed by **Megan Mahle, Esquire** will be billed at $375 per hour. The legal services performed by **Morgen Black-Smith, Esquire** will be billed at

$325 per hour. **[REDACTED].** The legal services performed by other attorneys affiliated with Law Firm shall be billed at their customary billing rates. Additionally, work performed by paralegal(s) will be billed at a rate of $100 per hour. At Law Firm's sole discretion, billing rates for Law Firm attorneys and paralegals may be increased on an annual basis at the beginning of each new calendar year by an amount equal to no greater than 5% of the hourly rate in effect during the preceding year.

     **5. Prevailing Party** – Client understands that if Client is determined by a court to be the prevailing party, that the LEA and/or its insurance company may be required to reimburse Client for all or part of their attorney fees and litigation costs, including paralegal and expert fees (collectively, "fees and costs"). In the event that such fees and costs are awarded by court or are agreed upon by virtue of settlement, Client hereby assigns Client's right to such fees and costs to Law Firm in exchange for the services Law Firm will provide Client under the terms of this Agreement and authorizes the Law Firm to charge the LEA the same hourly rates specified above. Client understands that the proceeds representing those attorney's fees, paralegal fees and expenses will be made payable to Law Firm and mailed or otherwise delivered by the LEA to the Law Firm and Law Firm will give any refund to the Client for fees and costs paid over and above their billable time and litigation expenses.

     **[REDACTED]**

**[REDACTED]**

\*             \*             \*

Client Signature _Laure B_ _____ Dated: _10/19/16_

Client Signature _DudM_ _____ Dated: _10/19/16_

_David Berney_
_____     Dated: ___10/19/16_____
**David J. Berney, on behalf of**
**Law Offices of David J. Berney, P.C.**

# Exhibit B



LAW OFFICES OF
# DAVID J. BERNEY

David J. Berney
Jennifer Y. Sang
Morgen Black-Smith
OF COUNSEL
Megan Mahle
Vanita Kalra

*berneylaw.com*

### REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES

Dear Mr. and Mrs. B **[REDACTED]**:

This contract for legal services is entered into by and between **Laverne B and Donald B** [REDACTED] **(collectively "Client")** and the **Law Offices of David J. Berney, P.C.** ("Law Firm" or "attorney"). Client understands and agrees that the Law Firm may be working in conjunction with attorneys, including, but not limited to, **Megan Mahle, Esquire, Vanita Kalra, Esquire, Jennifer Sang, Esquire, and Morgen Black-Smith, Esquire ("Attorneys")** and that the terms and conditions of this *REPRESENTATION AND FEE AGREEMENT FOR LEGAL SERVICES* ("Agreement"), as set forth below, are applicable to the services performed by them. Client agrees that this Agreement shall be binding upon Client and Client's heirs, executors, administrators and assigns and anyone who shall serve as the Custodian of **D.B. [REDACTED] ("Student")**.

The following terms and conditions constitute the entirety of the agreement between Law Firm and Client and this Agreement supersedes any previous written or oral agreements.

### Scope of Representation

**1. Due Process Hearing** – Client agrees to employ Law Firm and Law Firm agrees to represent Client in a due process hearing against the local educational agency ("LEA") that is allegedly responsible for failing to provide a free and appropriate public education to Student, if through Law Firm's investigation, Law Firm determines that there are sufficient and proper grounds for proceeding.

**2. Appeal** – This Agreement does not include an obligation to take an appeal from any judgment, order or award, if an occasion for an appeal arises or to represent Client in any other causes of action. However, should Law Firm take an appeal from any judgment, order, award, or disposition, if an occasion for an appeal arises, or file a formal lawsuit in addition to the one filed before or following disposition by the Office of Dispute Resolution, the terms and conditions of this Agreement will apply with equal effect.

### Legal Fees & Expenses

**3. Retainer** – Client is not responsible for the payment of any retainer and Law Firm agrees to take the matter on a contingency basis.

**4. Billing Rates** – The legal services performed by **David J. Berney, Esquire** will be billed at $495 per hour. The legal services performed by **Megan Mahle, Esquire** will be billed at $375 per hour. The legal services performed by **Morgen Black-Smith, Esquire** will be billed at

$325 per hour. The legal services performed by **Vanita Kalra, Esquire** will be billed at $325 per hour. The legal services performed by **Jennifer Sang, Esquire** will be billed at $275 per hour. The legal services performed by other attorneys affiliated with Law Firm shall be billed at their customary billing rates. Additionally, work performed by paralegal(s) will be billed at a rate of $100 per hour. At Law Firm's sole discretion, billing rates for Law Firm attorneys and paralegals may be increased on an annual basis at the beginning of each new calendar year by an amount equal to no greater than 5% of the hourly rate in effect during the preceding year.

    **5. Prevailing Party** – Client understands that if Client is determined by a court to be the prevailing party, that the LEA and/or its insurance company may be required to reimburse Client for all or part of their attorney fees and litigation costs, including paralegal and expert fees (collectively, "fees and costs"). In the event that such fees and costs are awarded by court or are agreed upon by virtue of settlement, Client hereby assigns Client's right to such fees and costs to Law Firm in exchange for the services Law Firm will provide Client under the terms of this Agreement and authorizes the Law Firm to charge the LEA the same hourly rates specified above. Client understands that the proceeds representing those attorney's fees, paralegal fees and expenses will be made payable to Law Firm and mailed or otherwise delivered by the LEA to the Law Firm and Law Firm will give any refund to the Client for fees and costs paid over and above their billable time and litigation expenses.

    [REDACTED]

**20. No Guarantee of Specific Outcome** – Client understands that although Law Firm hopes Client will be satisfied with the outcome of these proceedings, Law Firm and its attorneys have made no representation or guarantee that any specific result will be obtained in this matter.

**21. Severability of Agreement** – All items contained in this Agreement are severable, and in the event any of them shall be deemed to be invalid by any competent court, the Agreement shall be interpreted as if such invalid agreements or covenants were not contained herein. Client acknowledges receiving a fully executed copy of this Agreement.

**22. Review by Separate Counsel/Tax Professional** – Client further understands that Client has a right to seek review of this Agreement by separate counsel, if Client so desires.

If Client has questions or concerns about the tax ramifications of the case and in terms of the language of any settlement agreement, Client understands that a consultation with a tax professional is advised.

*          *          *

Client acknowledges fully reading and understanding this Agreement and freely entering into it. Client directs that this Agreement shall be binding upon Client's heirs, executors, administrators, and assigns.

Client Signature _Laura B____  _____   Dated: _10/19/16_

Client Signature _____  _____   Dated: _10/19/16_

_David Berney_
_____   Dated: ___10/19/16_____
**David J. Berney, on behalf of**
**Law Offices of David J. Berney, P.C.**

# Exhibit C



David Berney <djberney@berneylaw.com>

## Laverne B. v. SDOP - Parent's demand for attorney's fees and costs
1 message

**David Berney** <djberney@berneylaw.com>                                                     Mon, May 22, 2017 at 8:55 AM
To: "White, Shereen" <swhite@philasd.org>, "Pintarelli, Beverly" <bpintarelli@philasd.org>

Dear Beverly:

Pursuant to paragraph 5 of the Parties' Resolution Agreement, please consider this Parent's demand for attorney's fees and costs.  Attached are my firm's time sheets and costs providing you a breakdown of billing:

David J. Berney, Esquire – 23.8 hours X $495 per hour = $11,781.00
Morgen Black-Smith, Esquire - 48.8 hours X $325 per hour = $15,860.00
Jennifer Sang, Esquire - 12.8 hours X $275 per hour = $3520.00
Paralegal Jon Kruzic -  3.5 hours x $100 per hour = $350
Costs - $30.94 (Elwyn bill) + $1330 (Felicia Hurewitz, Ph.D./BCBA)  = $1360.94

Total bill = $ 32,871.94

The IDEA resolution agreement requires the School District to pay reasonable attorney's fees and costs within 60 days of receipt of the itemized attorney time sheets.   Accordingly, payment of attorney's fees and costs is due by July 21, 2017.  As you should be aware, the School District has routinely violated settlement agreements with my clients by failing to pay attorney's fees within the required time period as stipulated in our agreements.  In many cases, it has taken the School District over a year and sometimes years to make good on its commitment to pay fees. Accordingly, if we do not receive payment of our client's reasonable attorney's fees within sixty days of this email, we will consider all options, including filing a federal lawsuit.  While I would prefer to avoid needlessly increasing our fees and costs through a federal lawsuit, the School District's chronic failure to honor our agreements requires us to take this position.

You should also know that I am using a reduced rate as the amended CLS fee schedule prescribes an hourly rate between $520-$590 for attorneys with my years of experience.  Accordingly, in the event we are unable to resolve this amicably and I am forced to file suit, I reserve the right to request an hourly rate of $550.

 As for specific time entries, I know that it is the practice of the School District to refuse to pay for time spent preparing time sheets and for time spent by my firms attorney's in participating in internal meeting, including attorney consultations and strategy meetings.   But case law is quite clear that attorney time for such tasks are compensable.

With regard to preparing time sheets, it is well established that attorneys are compensated for such time. See, e.g., Jones v. Ill. Central Railroad Co., 2011 WL 3862330, at *8 (W.D. Tenn. Aug. 14, 2011). Preparing time sheets is not considered a clerical task because counsel must review the time records to make sure that the billing is accurate and to redact any privileged information. See also Singmoungthong v. Astrue, 2011 WL 2746711, at *6 (E.D. Cal. July 13, 2011); Roberts v. Astrue, 2011 WL 2746715, at *7 (E.D. Cal. July 13, 2011); Stairs v. Astrue, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011); Fontana v. Astrue, 2011 WL 2946179, at *3 (E.D. Cal. July 21, 2011); VonBerckefeldt v. Astrue, 2011 WL 2746290, at *7 (E.D. Cal. July 14, 2011); Mugavero v. Arms Acres, Inc., 2010 WL 451045, at *8 (S.D.N.Y. Feb. 9, 2010). See also Alam v. Astrue, 2011 WL 2669607, at *3 (N.D. Cal. July 7, 2011) (finding that two hours spent to prepare billing records was reasonable); Konits v. Valley Stream Central High Sch. Dist., 2011 WL 2747872, at *2 (E.D.N.Y. July 11, 2011) (finding that 20 hours was reasonable for preparing and organizing billing records and for researching and preparing papers for plaintiff's initial fee application). See also generally Bagby v. Beal, 606 F.2d 411, 416 (3d Cir. 1979) for proposition that time spent determining the appropriate amount of the fee is compensable.

With regard to internal attorney communications and strategy sessions, the Third Circuit has always held that such

activities are also compensable for purposes of a fee petition. See Tenafly Eruv Ass'n, Inc. v. Borough, of Tenafly, 195 Fed. App'x 93, 99 ( 3d Cir. 2006) (finding nothing unreasonable about approximately one hundred forty (140) hours that attorneys spent collectively on meetings and conference calls); Administratrix of Estate of Conway v. Fayette County Children and Youth Services, 2011 WL 3862394 at *6 (W.D.Pa Aug. 31, 2011) (permitting attorney compensation for internal meetings and strategy sessions, specifically noting "there is value in holding internal conferences and strategy meetings in the preparation and daily management of a case"); Gerszten v. University of Pittsburgh Cancer Institute Cancer Centers, 2009 WL 4639335 at *5 (W.D.Pa. Dec. 7, 2009) ("several attorneys participat[ing] in strategy meetings and discussions is reasonable" and therefore compensable); Buck v. Stankovic, 2008 WL 4072656 ((M.D.Pa. Aug. 27, 2008) (strategy sessions between attorneys are compensable). Additionally, courts have also held that work spent by more senior attorneys supervising junior attorneys is compensable. Mary T. v. School District of Phila., 2009 U.S. Dist. Lexis 5180 at *16 (E.D. Pa. Jan. 22, 2009); Parris v. Pappas, 844 F.Supp.2d 262, 267 (D. Conn. 2012); In re Vioxx Products Liability Litigation, 802 F.Supp.2d 740, 782 (E.D. La. 2011) (same); Smith v. Astrue, 2010 WL 4722044 at *2 (E.D.Wis., Nov. 15, 2010) (supervising work does not constitute double billing).

Best,

Dave

David J. Berney, Esq.
Law Offices of David J. Berney
1628 JFK Boulevard
Suite 1000
Philadelphia, PA 19103
215.564.1030 (tel)
215.751.9739 (fax)
djberney@berneylaw.com
www.berneylaw.com

NOTICE: This e-mail message and any attachment(s) contain confidential information that may be legally privileged. If you are not the intended recipient, you must not review, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at 215.564.1030 and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message or any attachment(s) may not have been produced by David J. Berney, Esquire.

---

**6 attachments**

**invoice - Elwyn.pdf**
16K

**Kruzic invoice - for counsel .pdf**
32K

**Sang Timesheet for D B - for counsel.pdf** 68K

**Black-Smith Timesheet - B - for counsel.pdf** 74K

**Invoice - Hurewitz.pdf**
120K

**B, Laverne - D - for counsel.pdf**
76K

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| Date | Description | Time |
|------|-------------|------|
| 10/4/16 | Initial TC with Parent re: background information/case screening | 0.3 |
| 10/13/16 | TC with Parent re: Student's current placement | 0.1 |
| 10/13/16 | Attorney case consultation with David Berney, Esq re: student placement for 2016-17 school year and upcoming IEP Meeting | 0.1 |
| 10/14/16 | TC with Parent re: student records, IEP Meeting of 10/11 | 0.1 |
| 10/28/16 | Attorney case consultation with Jennifer Sang, Esq re: timeline for case and next action steps | 0.1 |
| 11/15/16 | TC with Dr. Hurewitz re: Observation at Pathways | 0.4 |
| 11/17/16 | Attorney case consultation with Jennifer Sang, Esq re: filing due process complaint | 0.1 |
| 11/17/16 | Memo to file re: TC with Dr. Hurewitz observation at Pathways | 0.4 |
| 12/1/16 | Meeting with Clients and Jennifer Sang, Esq re: Mediation | 1 |
| 12/9/16 | Began drafting due process complaint | 0.2 |
| 12/12/16 | Finished drafting due process complaint | 0.4 |
| 12/14/16 | Attorney case consultation with David Berney, Esq re timing of filing due process complaint and invoking stay-put provisions | 0.1 |
| 12/14/16 | TC with Client re: Due Process Complaint | 0.3 |
| 12/14/16 | Filed due process complaint; Email to Client re: due process complaint | 0.1 |
| 12/19/16 | Reviewed Notice of Hearing | 0.1 |
| 12/23/16 | Attorney case consultation with David Berney, Esq re: work-up of and action steps for case | 0.1 |
| 12/28/16 | Attorney case consultation with Jennifer Sang, Esq re: settlement demand for District | 0.1 |
| 12/28/16 | Email to Dr. Hurewitz re: working up case and next steps | 0.1 |
| 1/2/17 | Reviewed emails from Dr. Hurewitz re: Student placement | 0.1 |
| 1/8/17 | Reviewed email from Shereen White, Esq re: continuance and extension of DDD | 0.1 |
| 1/8/17 | Reviewed emails from Lorraine Ball, PhD re: retention and evaluation of Student | 0.1 |
| 1/18/17 | Reviewed email from Dr. Ball re: Expert report and observation of Student | 0.1 |
| 1/23/17 | TC from Shereen White, Esq | 0.1 |
| 2/1/17 | Exchanged emails with Shereen White, Esq re: resolution session | 0.1 |
| 2/2/17 | Exchanged emails with Shereen White, Esq re: resolution session | 0.1 |
| 2/3/17 | TC with Shereen White, Esq re: resolution session, Parent demand | 0.3 |

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| Date | Description | Hours |
|---|---|---|
| 2/3/17 | Attorney case consultation with David Berney, Esq re: Parent compensatory education demand and resolution session | 0.1 |
| 2/7/17 | Reviewed and responded to email from Shereen White re: resoultion session and producing parent evaluation information | 0.1 |
| 2/7/17 | Attorney case conference with David Berney, Esq re: resolution session and producing parent evaluation information | 0.2 |
| 2/7/17 | Exchanged emails with Dr. Hurewitz re: behavioral evaluation, observation of Student | 0.1 |
| 2/8/17 | TC with Client re: resolution session | 0.3 |
| 2/8/17 | TC with Dr. Hurewitz re: Student behavioral needs | 0.2 |
| 2/8/17 | Reviewed and responded to email from Shereen White, Esq re: resolution session | 0.1 |
| 2/11/17 | Reviwed District Motion to Dismiss, emails from Shereen White, Esq to HO Dr. Valentini, and Dr. Valentini response | 0.2 |
| 2/13/17 | Attorney case consultation with David Berney, Esq re: response to District Motion to Dismiss | 0.1 |
| 2/13/17 | Email to Shereen White, Esq re: resolution session | 0.1 |
| 2/13/17 | Email to Dr. Valentini and Shereen White, Esq re: response to District Motion to Dismiss | 0.1 |
| 2/14/17 | Reviewed email from Shereen White, Esq re: resoullution session | 0.1 |
| 2/15/17 | Attorney case conference with David Berney, Esq re: resolution session; Reviewed email from Dr. Valentini re: District Motion to Dismiss | 0.2 |
| 2/15/17 | TC with Client re: resolution session; Email to Shereen White re: resolution session | 0.1 |
| 2/16/17 | Exchanged emails with Dr. Ball re: Student needs | 0.1 |
| 2/16/17 | Meeting with Client re: preparation for resolution ; Email to Client re: same | 0.7 |
| 2/17/17 | Meeting with Client re: resolution session, District offer of IEE | 0.2 |
| 2/17/17 | Reviewed email from Shereen White, Esq and attached Motion to Dismiss; Responded to District's Motion; Reviewed ruling of Dr. Valentini; Email to Shereen re: Motion and Settlement Negotiations | 0.4 |
| 2/17/17 | Reviewed email from Client and forwarded email from LEA; Responded | 0.1 |
| 2/17/17 | Attorney case consultations with David Berney re: resolution session and Motion to Dismiss | 0.3 |
| 2/20/17 | Received and reviewed IEE from Dr. Ball; email to David Berney re: same; | 1.7 |

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| Date | Description | Hours |
|---|---|---|
| 2/20/17 | Reviewed emails from Shereen White, Esq | 0.1 |
| 2/20/17 | Exchanged emails with Dr. Ball re: Report | 0.1 |
| 2/21/17 | Attorney case conference with David Berney, Esq re: settlement strategy, Ball report, and preparation for due process hearing | 0.9 |
| 2/21/17 | Began review of records in preparation for due process hearing; Began drafting 5-Day Disclousres Notice | 2 |
| 2/22/17 | Attorney case conference with David Berney, Esq re: counter-demand in resolution negotiations, School District's purported 10 day notice, and necessary revisions to IEP | 0.6 |
| 2/22/17 | Email to Shereen White, Esq re: counter-demand in resolution negotiations | 0.3 |
| 2/22/17 | Continued review of records in preparation for due process hearing; Exchanged further emails with Shereeen White, Esq re: resolution negotiations, District request for continuance | 2.2 |
| 2/23/17 | Received and reviewed District's purported 10-day offer | 0.2 |
| 2/23/17 | Attorney case conference with David Berney, Esq re: District's purported 10-Day Offer; District request for continuance | 0.3 |
| 2/23/17 | TC with Client re: District request for continuance, resolution negotiations | 0.2 |
| 2/23/17 | Email to Shereen White, Esq re: District purported 10-Day Offer, District Request for Continuance | 0.1 |
| 2/23/17 | TC with Shereen White, Esq and Marie Capitolo re: resolution negotiations | 1.3 |
| 2/23/17 | Attorney case consultation via email with David Berney, Esq re: resolution negotiations | 0.1 |
| 2/24/17 | TC with Client re: District settlement offer | 0.3 |
| 2/24/17 | Email to Shereen White, Esq re: resolution negotiations | 0.1 |
| 2/24/17 | Reviewed email from Shereen White, Esq re: resolution negotiations, District withdrawing private school tuition as permissible use of comp ed | 0.1 |
| 2/24/17 | Attorney case conference with David Berney, Esq re: School District communication withdrawing private school tutition as permissible use of comp ed, Ball report, Witnesses for hearing Day 1 and 5-Day Disclosure Notice | 0.3 |
| 2/24/17 | TC with Lorraine Ball, Ph.D. re: questions re: report recommendations | 1.1 |
| 2/24/17 | Completed 5-Day Disclosure Notice | 0.3 |

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| 2/24/17 | meeting with David Berney, Esquire re identity of witnesses for hearing, trial prep of client, and opening statement | 0.2 |
|---------|------------------------------------------------------------------------------------------------------------------------|-----|
| 2/24/17 | Attorney case consultation via TC with David Berney, Esq re: 5-Day Disclosure Notice | 0.1 |
| 2/24/17 | t/c with David Berney, Esquire re District's request for a subpoena  and response to Dr. Valentini | 0.1 |
| 2/24/17 | Emails to Shereen White, Esq re: Ball Report and 5-Day Disclosure Notice | 0.1 |
| 2/25/17 | Reviewed emails from Shereen White, Esq re: District's request for subpoenas; Reviewed Barrick v. Holy Spirit Hospital of the Sisters of Christian Charity, 32 A.3d 800 (Pa. 2011); Responded to Ms. White and Dr. Valentini re: same | 0.3 |
| 2/25/17 | Reviewed Pre-Hearing Directions from Dr. Valentini and drafted email to Dr. Valentini re: unanswered hearing questions | 0.3 |
| 2/25/17 | Email to Client re: District withdrawing private school tuition as permissible use of comp ed | 0.1 |
| 2/25/17 | Drafted and revised Direct Examination of Client for Hearing Day 1 | 3.7 |
| 2/25/17 | Reviewed emails from Dr. Valentini re: answers to pre-hearing questions and District's request for subpoenas | 0.2 |
| 2/25/17 | Drafted and revised Opening Statement for Hearing Day 1 | 4.1 |
| 2/25/17 | Attorney case consultation via email with David Berney, Esq re: exhibits; Began reviewing and preparing exhibits for inclusion in trial binder | 1.2 |
| 2/26/17 | Reviewed emails from Shereen White, Esq to Dr. Valentini re: subpoenas | 0.1 |
| 2/26/17 | Reviewed and responded to email from Client re: status of negotiations, Student records | 0.1 |
| 2/26/17 | Email to David Berney, Esq re: potential settlement possibilities | 0.1 |
| 2/26/17 | Reviewed Student records to create list of involved District personnel; Email to Shereen White, Esq re: District witnesses | 0.6 |
| 2/26/17 | Reviewed and responded to emails from Daivd Berney, Esq re: settlement negotiations, witness list, exhibits | 0.1 |
| 2/26/17 | Exchanged emails with David Berney, Esq re: feedback on draft of opening statement | 0.2 |
| 2/26/17 | Legal research re: calculation of 60-day period following PTRE in PA, evaluation/reevaluation frequency, reevaluation procedures | 0.4 |
| 2/26/17 | Designated documents for exhibits | 1.7 |

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| | | |
|---|---|---|
| 2/26/17 | Reviewed case documents and created summary charts re: Student IEP goals, Student progress, Student test scores | 2.2 |
| 2/27/17 | Attorney case conference with David Berney, Esq re: hearing preparation, opening statement, direct examination of Client, case analysis, and strategy for resolution of case | 0.9 |
| 2/27/17 | TC with Shereen White, Esq re: draft resolution agreement | 0.1 |
| 2/27/17 | Exchanged emails with Shereen White, Esq | 0.2 |
| 2/27/17 | Meeting with Clients to prepare testimony of Client Mother for hearing | 1.8 |
| 2/27/17 | Revisions to opening statement | 0.9 |
| 2/27/17 | Reviewed draft resolution agreement, exhibits and proposed NOREP | 1.6 |
| 2/27/17 | meeting with David Berney, Esquire re: District's proposal to make compensatory education tuition permissible | 0.2 |
| 2/27/17 | Exchanged emails with Shereen White, Esq re: resolution agreement, terms of new agreement | 0.1 |
| 2/27/17 | TC with Client re: District's proposed resolution agreement | 0.3 |
| 2/27/17 | Additional revisions to opening statement | 0.3 |
| 2/27/17 | Revisions to direct examination of Client | 1.3 |
| 2/28/17 | Attorney case conference with David Berney, Esq re: hearing preparation, opening statement, direct examination of Client, status of settlement negotiations, witnesses to be called during first hearing session, hearing exhibits, and additional action steps to get case trial ready | 0.5 |
| 2/28/17 | TC with Shereen White, Esq and Marie Capitolo re: District revisions to proposed resolution agreement | 0.8 |
| 2/28/17 | Attorney case conference with David Berney, Esq re: proposed revisions to our edits to resolution agreement | 0.3 |
| 2/28/17 | TC with Shereen White, Esq re: final revisions to resolution agreement | 0.1 |
| 2/28/17 | TC with Clients re: revisions to resolution agreement | 0.1 |
| 2/28/17 | Attorney case consultation with David Berney, Esq re: finalized resolution agreement | 0.1 |
| 2/28/17 | Email to Dr. Valentini re: request for conditional dismissal | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: Morgen Black-Smith

| | | |
|---|---|---|
| 3/1/17 | Meeting with Clients for final review and signing of resolution agreement, NOREP, and PTRE | 0.7 |
| 3/3/17 | Attorney case consultaiton with David Berney, Esq re: appropriate Student placement | 0.1 |
| 3/6/17 | Exchanged multiple emails with Client re: Approved Private Schools, Student placement, Resolution Agreement, valuation of compensatory education hours | 0.2 |
| 3/7/17 | Attorney case consultation with David Berney, Esq re: correction to resolution agreement | 0.1 |
| 3/8/17 | Email to Shereen White, Esq re: error in resolution agreement | 0.1 |
| 3/13/17 | Reviewed and responded to email from Shereen White, Esq re: changes to resolution agreement | 0.1 |
| 3/23/17 | Reviewed email from Client re: IEP Meeting at Pathway; TC to Client re: IEP Meeting, Exhibit B to resolution agreement, SRC approval of resolution agreements; Correspondence with Client re: SRC approval of resolution agreements | 0.2 |
| 4/19/17 | TC with Client re: Student placement for 2017-18 school year, District-issued NOREP | 0.2 |
| 4/24/17 | Attorney case consultaiton with David Berney, Esq re: Distsrict-issued NOREP; Email to Client re: Distict-issued NOREP | 0.1 |
| 4/27/17 | Attorney case consultation with David Berney, Esquire re: District-issued 4010 NOREP | 0.1 |
| 4/27/17 | Attorney case consultation with David Berney, Esquire re: fee petition | 0.1 |
| | | |
| | Time | 48.8 |
| | Hourly Rate | $325 |
| | Statement | $15,860 |
| | | |
| | | |
| | | |

**Laverne B. v. School District of Philadelphia**
**Attorney: Jennifer Sang, Esquire**

| Date | Description | Time |
|------|-------------|------|
| 10/17/2016 | Reviewed email from David Berney re: facts of the case. | 0.1 |
| 10/17/2016 | T/c to client re: facts of the case. | 0.1 |
| 10/17/2016 | Reviewed client's file. | 0.1 |
| 10/18/2016 | Initial meeting with client. | 1 |
| 10/18/2016 | Attorney case meeting with David Berney re: facts of the case and requesting mediation. | 0.1 |
| 10/19/2016 | T/c to client re: representation. | 0.6 |
| 10/19/2016 | T/c to client and drafted email to client re: NOREP and request for mediation. | 0.2 |
| 10/19/2016 | Reviewed NOREP and request for mediation from client. | 0.2 |
| 10/27/2016 | Reviewed emails from client re: mediation request. | 0.2 |
| 10/27/2016 | Exchanged emails with client re: communications with District. | 0.1 |
| 10/27/2016 | Drafted email to client re: communications with ODR. | 0.1 |
| 10/28/2016 | Reviewed emails from client re: mediation. | 0.2 |
| 10/28/2016 | Attorney meeting with David Berney re: retaining expert for case. | 0.2 |
| 10/28/2016 | Attorney meeting with Morgen Black-Smith re: timeline for case and next action steps. | 0.1 |
| 10/28/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: facts of the case. | 0.3 |
| 10/28/2016 | Drafted email to client and expert Felicia Hurewitz, PhD re: observation. | 0.1 |
| 10/28/2016 | Drafted letter correspondences to District, KIPP, Elwyn, and The Pathway School re: Student's educational records. | 0.7 |
| 10/31/2016 | Exchanged emails with client re: expert observation at Pathway School. | 0.1 |
| 10/31/2016 | T/c to client re: mediation. | 0.1 |
| 11/1/2016 | Reviewed emails from client re: observation for expert. | 0.1 |
| 11/1/2016 | T/c to client re: mediation. | 0.1 |
| 11/3/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: observation. | 0.1 |
| 11/7/2016 | T/c to Pathway School re: Student's records. | 0.1 |
| 11/7/2016 | T/c from client re: mediation. | 0.1 |
| 11/7/2016 | Exchanged emails with client re: District's proposed placements. | 0.2 |
| 11/8/2016 | Meeting with David Berney re: expert observation of proposed placement. | 0.1 |
| 11/9/2016 | Exchanged emails with expert Felicia Hurewitz, PhD re: Student's educational records. | 0.3 |
| 11/9/2016 | Exchanged emails with client re: mediation. | 0.1 |
| 11/9/2016 | Consulted with expert Felicia Hurewitz, PhD re: observation of District. | 0.3 |
| 11/10/2016 | T/c to Pathway School re: Student's records. | 0.1 |
| 11/11/2016 | Reviewed letter from Pathway School re: Student's records. | 0.1 |
| 11/11/2016 | Drafted email to expert Felicia Hurewitz, PhD re: Student's Pathway School records. | 0.1 |

**Laverne B. v. School District of Philadelphia**
**Attorney: Jennifer Sang, Esquire**

| | | |
|---|---|---|
| 11/14/2016 | Attorney meeting with David Berney re: expert observation of The Pathway School, request for records, and possible claims. | 0.3 |
| 11/14/2016 | Exchanged emails with client re: mediation. | 0.1 |
| 11/14/2016 | Drafted email to Tammy Flail re: request for records and parents' concerns. | 0.1 |
| 11/16/2016 | Exchanged emails with ciient re: mediation materials. | 0.3 |
| 11/17/2016 | Attorney case meeting with Morgen Black-Smith re: filing due process complaint. | 0.1 |
| 11/17/2016 | Exchanged emails with client re: placement visit. | 0.1 |
| 11/22/2016 | Reviewed email from client re: visiting proposed placement. | 0.1 |
| 11/22/2016 | T/c to client re: meeting and compensatory education. | 0.1 |
| 12/1/2016 | Meeting with client re: mediation. | 1 |
| 12/5/2016 | Reviewed email from client re: mediation and attached records. | 0.5 |
| 12/5/2016 | T/c to client re: mediation. | 0.1 |
| 12/5/2016 | T/c from client re: mediation agreement. | 0.1 |
| 12/6/2016 | Attorney case consultation with David Berney re: filing for due process. | 0.1 |
| 12/6/2016 | Assisted client in drafting letter to District re: mediation agreement. | 0.2 |
| 12/6/2016 | T/c to client re: letter to District. | 0.1 |
| 12/8/2016 | T/c from client re: placement for Student. | 0.1 |
| 12/9/2016 | Reviewed Student's 2016 RR and exchanged emails with Morgen Black-Smith re: same. | 0.2 |
| 12/14/2016 | Reviewed and revised draft due process complaint by Morgen Black-Smith and sent review notes to Morgen Black-Smith re: same. | 0.4 |
| 12/28/2016 | Attorney case consultation with Morgen Black-Smith re: settlement demand for District. | 0.1 |
| 12/30/2016 | Exchanged emails with Morgen Black-Smith re: compensatory education. | 0.1 |
| 12/30/2016 | Drafted email to expert Felicia Hurewitz, PhD re:  review of Student's records, appropriateness of placement, and recommendations for evaluator. | 0.2 |
| 1/2/2017 | Email to Felicia Hurewitz, PhD re: facts of the case. | 0.1 |
| 1/3/2017 | Exchanged emails with expert Felicia Hurewitz, PhD re: evaluation for Student. | 0.1 |
| 1/4/2017 | Consulted with expert Felicia Hurewitz, PhD re: evaluation for Student. | 0.3 |
| 1/4/2017 | Drafted email to Morgen Black-Smith re: requesting continuance and evaluation for Student. | 0.1 |
| 1/5/2017 | Attorney case consultation with David Berney re: request for continuance and expert evaluation. | 0.1 |
| 1/5/2017 | Exchanged emails with expert Lorraine Ball, PhD re: evaluation for Student. | 0.1 |
| 1/5/2017 | T/c to expert Lorraine Ball, PhD re: evaluation for Student. | 0.1 |

**Laverne B. v. School District of Philadelphia**
**Attorney: Jennifer Sang, Esquire**

| | | |
|---|---|---:|
| 1/6/2017 | T/c from expert Lorraine Ball, PhD re: evaluation for Student and facts of the case. | 0.4 |
| 1/6/2016 | T/c to client re: evaluation for Student. | 0.1 |
| 1/6/2016 | Exchanged emails with expert Lorraine Ball, PhD re: evaluation for Student and the 2016 reevaluation report. | 0.1 |
| 1/6/2017 | Drafted email to client and expert Lorraine Ball, PhD re: evaluation for Student. | 0.1 |
| 1/6/2017 | Exchanged emails with Shereen White re: request for continuance. | 0.1 |
| 1/6/2017 | Reviewed District's Answer. To Due Process Complaint | 0.1 |
| 1/6/2017 | Exchanged emails with Hearing Officer Valentini and Shereen White re: request for continuance. | 0.1 |
| 1/6/2017 | Drafted email to client re: new hearing date. | 0.1 |
| | | |
| | **Total Hours** | **12.8** |
| | **Hourly Rate** | **$275** |
| | **Statement** | **$3,520** |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| Date | Description | Time |
|---|---|---|
| 3/?/2016 | initial call from client re case | 0.2 |
| 3/22/16 | t/c with client re placement | 0.2 |
| 3/22/16 | reviewing email from referring attorney re case | 0.1 |
| 3/22/16 | reviewing email from referring source re Student records | 0.1 |
| 3/31/16 | t/c to client | 0.1 |
| 3/31/16 | t/c to client | 0.1 |
| 3/31/16 | reviewing NOREP and application for private school | 0.1 |
| 4/6/16 | t/c and email to client and reviewing 3/29/16 NOREP | 0.5 |
| 4/7/16 | reviewing email from client to SDOP's sped director Ms. Gallihue; | 0.1 |
| 7/13/16 | t/c to client re evaluation report | 0.1 |
| 7/14/16 | t/c from client re evaluation report | 0.1 |
| 10/13/16 | t/c from client re NOREP and placement and email to Morgen Black-Smith, Esquire assigning her responsibility to follow-up re NOREP and Student placement | 0.1 |
| 10/13/16 | attorney-case consultation with Morgen Black-Smith, Esquire re Student placement for 2016-2017 school year and upcoming IEP meeting; | 0.1 |
| 10/16/16 | email to Jennifer Sang, Esquire re drafting due process complaint or request for mediation | 0.1 |
| 10/17/16 | email exchange with Jennifer Sang, Esquire re initial intake meeting with client | 0.1 |
| 10/18/16 | meeting with Jennifer Sang, Esquire re facts of case and assigning her responsibility to file for mediation | 0.1 |
| 10/19/16 | Reviewing mediation form and representation agreement and email exchange with Jennifer Sang, Esquire re same | 0.1 |
| 10/19/16 | Email exchange with Jennifer Sang, Esquire re client's mediation request | 0.1 |
| 10/19/16 | email exchanges with Jennifer Sang, Esquire re mediation request and invoking stay put | 0.1 |
| 10/27/16 | email to Jennifer Sang, Esquire re mediation involving client | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| | | |
|---|---|---|
| 10/28/16 | attorney-case consultation with Jennifer Sang, Esquire re mediation and assignment of case to Morgen Black-Smith, Esquire and attorney-case consultation with Jennifer Sang, Esquire re expert observation | 0.2 |
| 11/4/16 | t/c from Cheryl Clarke at Pathway re Student records | 0.1 |
| 11/8/16 | attorney-case consultation with Jennifer Sang, Esquire re expert observation of proposed placement | 0.1 |
| 11/9/16 | t/c from Cheryl Clarke at Pathway school re Student records | 0.1 |
| 11/9/16 | email exchange with Jennifer Sang, Esquire re mediation request | 0.1 |
| 11/14/16 | meeting with Jennifer Sang, Esquire re mediation, potential student placements and expert observation of placement, and record request | 0.3 |
| 11/17/16 | email exchange with Jennifer Sang, Esquire re school observation | 0.1 |
| 12/2/16 | t/c from client re mediation | 0.1 |
| 12/5/16 | meeting with Jennifer Sang, Esquire re mediation and mediation agreement that client signed | 0.2 |
| 12/6/16 | Attorney case consultation with Jennifer Sang, Esq. re: filing for due process and reviewing mediation agreement | 0.1 |
| 12/6/16 | reviewing ltr from client to LEA about rescinding mediation agreement | 0.1 |
| 12/8/16 | reviewing and responding to correspondence from Elwyn re Student records | 0.2 |
| 12/13/16 | reviewing and revising due process complaint | 0.2 |
| 12/13/16 | meeting with Morgen Black-Smith, Esquire re revisions to due process complaint | 0.1 |
| 12/14/16 | reviewing revised due process complaint and email exchange with Morgen Black-Smith, Esquire re same | 0.1 |
| 12/15/16 | meeting with Morgen Black-Smith, Esquire re timing of filing of due process complaint and invocation of stay put | 0.1 |
| 12/19/16 | reviewing email from ODR's Karen Eberly re due process hearing | 0.1 |
| 12/20/16 | reviewing email from HO Valentini re due process hearing and identity of District counsel | 0.1 |
| 12/20/16 | meeting with Morgen Black-Smith, Esquire to discuss work up of case | 0.1 |
| 12/22/16 | reviewing email from ODR's Karen Eberly re due process hearing | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| 12/23/16 | reviewing email from HO Valentini re identity of District counsel | 0.1 |
|---|---|---|
| 12/23/16 | reviewing email from HO Valentini re hearing | 0.1 |
| 12/23/16 | attorney-case consultation with Morgen Black-Smith, Esquire re actions steps and work-up of case | 0.1 |
| 1/4/17 | reviewing email from Shereen White, Esquire | 0.1 |
| 1/4/17 | reviewing email from ODR's Karen Eberly re due process hearing | 0.1 |
| 1/4/17 | reviewing and responding to memo from Paralegal Jon Kruzic re timesheets and organization of file | 0.1 |
| 1/5/17 | attorney-case consultation with Jennifer Sang, Esquire re retaining Dr. Ball as an expert and continuance | 0.1 |
| 1/6/17 | reviewing email from Dr. Valentini re hearing continuance | 0.1 |
| 1/6/17 | reviewing email from Shereen White, Esquire re answer to due process complaint | 0.1 |
| 1/16/17 | reviewing email from ODR's Karen Eberly re due process hearing | 0.1 |
| 2/3/17 | attorney-case consultation with Morgen Black-Smith, Esquire re resolution session and comp ed demand | 0.1 |
| 2/7/17 | attorney-case consultation with Morgen Black-Smith, Esquire re resolution session and production of Parent's evaluation reports | 0.2 |
| 2/12/17 | reviewing email and motion to dismiss case filed by District's counsel | 0.1 |
| 2/13/17 | attorney-case consultation with Morgen Black-Smith, Esquire re Parent's Answer to District's Motion to Dismiss | 0.1 |
| 2/15/17 | attorney-case consultation with Morgen Black-Smith, Esquire re resolution session | 0.2 |
| 2/15/17 | reviewing and responding to emails from Morgen Black-Smith, Esquire re prep of client for resolution session | 0.2 |
| 2/16/17 | meeting client | 0.1 |
| 2/16/17 | attorney-case consultation with client re prep for resolution session | 0.1 |
| 2/17/17 | attorney-case consultations with Morgen Black-Smith, Esquire re District's counsel's Motion to Dismiss complaint and resolution session | 0.3 |
| 2/20/17 | reviewing and responding to email from Morgen Black-Smith, Esquire re case prep, Lorraine Ball report, and District's obligations to pay for Pathway | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| | | |
|---|---|---|
| 2/21/17 | meeting with Morgen Black-Smith, Esquire to discuss settlement strategy, Ball report, and preparing for hearing | 0.9 |
| 2/21/17 | reviewing correspondence from Shireen White re School District's offer to settle | 0.1 |
| 2/22/17 | email to Morgen Black-Smith, Esquire re response to Shireen White's letter to settle | 0.1 |
| 2/22/17 | meeting with Morgen Black-Smith, Esquire re Parent's counter-demand, School District's purported 10 day notice, and necessary revisions to IEP | 0.6 |
| 2/22/17 | revising parent's response to District's offer and counter-demand and email exchange with Morgen Black-Smith, Esquire re same | 0.7 |
| 2/22/17 | email exchange with Morgen Black-Smith, Esquire re Parent's counter-offer to settle | 0.1 |
| 2/22/17 | skimming Dr. Ball report, reviewing recommendations and discussing same with Morgen Black-Smith, Esquire | 0.4 |
| 2/23/17 | reviewing and responding to email from Morgen Black-Smith, Esquire re expert communications and email to Morgen Black-Smith, Esquire re outstanding records needed | 0.2 |
| 2/23/17 | email exchange with Morgen Black-Smith, Esquire re progress on settlement discussions | 0.1 |
| 2/23/17 | Attorney case conference with Morgen Black-Smith, Esquire re: District's purported 10 day offer and District's request for continuance. | 0.3 |
| 2/24/17 | meeting with Morgen Black-Smith, Esquire re School District's communication refusing to make the agreed upon compensatory education hours tuition permissible and discussing Lorraine Ball, Ph.D.'s report and email exchange with Morgen Black-Smith, Esquire re same | 0.3 |
| 2/24/17 | meeting with Morgen Black-Smith, Esquire re identity of witnesses for hearing, trial prep of client, and opening statement | 0.2 |
| 2/24/17 | revising 5 day notice | 1 |
| 2/24/17 | t/c with Morgen Black-Smith, Esquire re 5 day notice | 0.1 |
| 2/24/17 | t/c with Morgen Black-Smith, Esquire re District's request for a subpoena and directing her to respond to Dr. Valentini | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| | | |
|---|---|---|
| 2/24/17 | legal research re privileged nature of communications between experts and attorneys and email to Morgen Black-Smith, Esquire re same | 0.2 |
| 2/25/17 | email to hearing officer regarding District counsel's request for subpoena and disclosure notices | 0.6 |
| 2/25/17 | reviewing email from hearing officer Valentini regarding disclosure notices | 0.1 |
| 2/26/17 | reviewing email from Shereen White, Esquire re possible settlement options | 0.1 |
| 2/26/17 | email exchange with Morgen Black-Smith, Esquire re Parent's exhibits and witnesses | 0.1 |
| 2/26/176 | reviewing and editing parent's opening statement | 0.6 |
| 2/26/176 | email exchange with Morgen Black-Smith, Esquire re theme of opening statement | 0.1 |
| 2/26/17 | email exchange with Morgen Black-Smith, Esquire re edits to opening statement | 0.1 |
| 2/26/17 | organizing file and reviewing timesheets | 0.1 |
| 2/27/17 | meeting with Morgen Black-Smith, Esquire to discuss opening statement, direct examination outlines, merits of case, and strategy for resolution of case | 0.9 |
| 2/27/17 | meeting with Morgen Black-Smith, Esquire re District's proposal to make compensatory education tuition permissible | 0.2 |
| 2/27/17 | reviewing and editing draft of resolution agreement and email exchange with Morgen Black-Smith, Esquire re same | 0.7 |
| 2/27/17 | email exchange with Morgen Black-Smith, Esquire re settlement draft | 0.1 |
| 2/27/17 | editing and streamlining revised opening statement and honing theories of case | 1.1 |
| 2/27/17 | reviewing and editing direct examination of client and email to Morgen Black-Smith, Esquire re same | 0.6 |
| 2/28/17 | meeting with Morgen Black-Smith, Esquire re opening statement, direct examination of client, status of settlement negotiations, witnesses to be called during first hearing session, hearing exhibits, and additional action steps to get case trial ready | 0.5 |
| 2/28/17 | meeting with Morgen Black-Smith, Esquire re District's proposed edits to our edits to resolution agreement and reviewing District's edits to our edits to draft resolution agreement | 0.3 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| | | |
|---|---|---|
| 2/28/17 | attorney-case consultation with Morgen Black-Smith, Esquire re finalization of settlement negotiations | 0.1 |
| 2/28/17 | reviewing email from HO Valentini re resolution of case | 0.1 |
| 2/28/17 | reviewing email from HO Valentini re case closure | 0.1 |
| 3/3/17 | reviewing correspondence from referring attorney re case | 0.1 |
| 3/3/17 | attorney-case consultation with Morgen Black-Smith, Esquire re appropriate Student placement | 0.1 |
| 3/7/17 | attorney-case consultation with Morgen Black-Smith, Esquire re correction to resolution agreement | 0.1 |
| 3/10/17 | reviewing and responding to correspondence from Lorraine Ball, Ph.D. re IEE | 0.2 |
| 3/13/17 | reviewing and responding to email from Morgen Black-Smith, Esquire re amended resolution agreement to correct for an incorrect date in the agreement | 0.1 |
| 4/11/17 | reviewing NOREP placing Student at Pathway through 4010 placement and email exchange with Morgen Black-Smith, Esquire re same | 0.1 |
| 4/11/17 | email exchange with Morgen Black-Smith, Esquire re Student placement for 2017-2018 school year | 0.1 |
| 4/13/17 | reviewing and responding to email from Morgen Black-Smith, Esquire re District's 2017 NOREP for placement at YALE | 0.1 |
| 4/24/17 | Attorney case consultation with Morgen Black-Smith, Esq re: Distsrict-issued NOREP; Email to Client re: Distict-issued NOREP | 0.1 |
| 4/27/17 | Attorney case consultation with Morgen Black-Smith, Esquire re: District-issued 401 | 0.1 |
| 4/27/17 | Attorney case consultation with Morgen Black-Smith, Esquire re: fee petition | 0.1 |
| 5/13/2017 - 5/14/2017 | reviewing and revising timesheets for purposes of making Parent's demand for attorney's fees and costs | 2 |
| 5/14/17 | email to Shireen White re reimbursement for Dr. Ball's IEE | 0.3 |
| 5/15/17 | t/c with Felicia Hurewitz, Ph.D., BCBA re Student placement | 0.1 |
| 5/19/17 | reviewing email from Shireen White re attorney's fees and costs | 0.1 |
| 5/19/17 | email exchange with Morgen Black-Smith, Esquire re Parent's fees and costs | 0.1 |
| 5/21/17 | reviewing and responding to email from Felicia Hurewitz, Ph.D./BCBA re invoice | 0.1 |

Laverne B. v. School District of Philadelphia
Attorney: David Berney

| 5/22/17 | reviewing and responding to email from Felicia Hurewitz, Ph.D./BCBA re invoice | **0.1** |
|---|---|---|
| 5/22/17 | email to Beverly Pinterelli re Parent's demand for attorney's fees and costs | **0.2** |
| | **Total Hours** | **23.8** |
| | Hourly Rate | $495.00 |
| | **Statement** | **$11,781.00** |
| | | |
| | | |



# Invoice

345 Farwood Road
Wynnewood PA 19096

fel@edment.com

| Date | Invoice # |
|------|-----------|
| 2/28/17 | DB [redacted]#1 |

### Bill To

Mrs. Leverne B [redacted]
1029 Flanders Road
Philadelphia PA 19151

| Client Name | D.B. [redacted] |
|-------------|-----------------|

| Serviced | Description | Qty | Rate | Amount |
|----------|-------------|-----|------|--------|
| 11/9/16 | observation at Pathway | 2 | 175.00 | 350.00 |
| 11/9/16 | travel to observation | 0.8 | 87.50 | 70.00 |
| 11/9/16 | consult | 0.2 | 175.00 | 35.00 |
| 11/12/16 | review records | 1 | 175.00 | 175.00 |
| 11/13/16 | intake | 1.3 | 175.00 | 227.50 |
| 1/1/17 | review records/email to attorneys | 2.1 | 175.00 | 367.50 |
| 1/4/17 | consult w/attny Jen sang | 0.3 | 175.00 | 52.50 |
| 2/9/17 | phone consult Morgan | 0.3 | 175.00 | 52.50 |

| | |
|---|---|
| **Total** | $1,330.00 |
| Payments/Credits | $0.00 |
| **Balance Due** | $1,330.00 |

Laverne B. v. School District of Philadelphia
Paralegal Jon Kruzic

| Laverne B. v. SDOP | | |
| --- | --- | --- |
| **Date** | **Description** | **Time** |
| 2016.10.19 | Organizing records provided by Client | .5 |
| 2016.12.07 | Organizing records provided by Elwyn, the District and KIPP Charter School | 3.0 |
| | | Total = 3.5 hours |

Total hours – 3.5 hours
Billing rate -- $100 per hour
Statement = 3.5 hours x $100 per hour = $350

# ELWYN

**Early Childhood Services**
**Special Education for Early Developmental Success**
**4040 Market Street, 3rd Floor**
**Philadelphia, PA  19104**
**(215) 921-7164/ (215) 222-5081 Fax**

November 9, 2016

## Bill To

**Law Office of David J.Berney**
**8 Penn Center**
**1628 JFK Blvd, Suite 1000**
**Philadelphia, PA 19103**

### Administrative Fee for Record Retrieval:      $30.94

| Client Name: | D.B. |
|---|---|
| DOB: | 4/26/2001 |
| SS#: | XXX-XX-XXXX |
| Tax ID# | 23-1352117 |

Please make **(checks)** payable to **Elwyn**
and mail to:

**4040 Market Street, 3rd Floor**
**Philadelphia, PA  19104**

**If you have any questions, please feel free to give our office a call @ (215) 222-3890.**

**Thank you for your immediate attention to this matter.**